**William Reid, Plaintiff-Appellee, v. Lucille A. Reid, Defendant-Appellant.**

Gen. No. 49,711.

First District, First Division.

April 26, 1965.

Friedman, Armstrong, Donnelly & Friedman, of Chicago, for appellant.

Nicholas T. Kitsos, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This case arose in connection with a divorce granted to William and Lucille A. Reid on May 5, 1960.* The names of the Reid's four children and their ages at the time of the divorce are as follows: William C., Jr., age 18, Thomas, age 15, Barbara, age 13 and James, age 8. Merged in the decree of divorce was a property settlement agreement, the relevant parts of which provided (1) that the husband pay to the wife $1,000 per month for a period of ten years, the sum to be reduced by $160 per month for each child who is emancipated or attends college or graduate school after leaving high school or resides elsewhere than with his wife, and (2) that the husband pay the college or graduate school expenses of each child, regardless of age, up to a maximum of $2,000 per child per year. The agreement also contained the following provision which is the subject of the dispute in this case:

> That the insurance presently held by the husband shall be retained and set up either by means of the present policies or by an insurance trust, to provide that in the event of the husband's death before all children are of age or completed college or graduate school, the income from said policies or trust shall be immediately available for use to pay for their support or expenses at college or graduate school; that said policies or insurance trust shall be set up so that the children are the irrevocable beneficiaries of the proceeds from said insurance; that the husband shall pay the premiums and charges thereon; that the husband shall

---

* This is the second appeal to come to this court in connection with this divorce. See Reid v. Reid, 36 Ill App2d 485, 184 NE2d 807.

retain the right to decide in what amounts the children shall share said insurance.

At the divorce hearing, the husband was questioned on direct examination about his understanding of this provision of the agreement as follows:

Q. You further understand, Mr. Reid, the insurance policies presently held by you shall be retained and set up either by means of the present policies or by an insurance trust to provide that in the event of your demise or death before all the children are of age or completed college or graduate school, that the income of said policies or trust shall be immediately available for the use of their support? Now you understand that?

A. Yes I do.

Q. You further understand that the children shall be irrevocable beneficiaries of the proceeds of this insurance, but that you shall have the right to decide in what amounts they shall share in that proceed. Now you understand that?

A. Yes.

On cross-examination, the husband testified as follows:

Q. The insurance you presently have you are keeping and you are paying the premiums and seeing that your children are the irrevocable beneficiaries?

A. Yes, sir.

Q. In the event you die before the ten year period is gone, it is set up either through the policies or trust so that there will be income coming in so the children can continue to live as they have and go to school, is that right?

A. Yes.

In February 1964, the husband petitioned for leave to substitute a new policy of insurance for all but one of the insurance policies which he is holding under the provision of the agreement quoted above. This appeal is from the court's order permitting the substitution.

The evidence produced at the hearing on the petition showed that the life insurance policies which the husband now holds under the agreement would pay a sum of $70,663 for non-accidental death and an additional sum of $45,663 for accidental death. The cash value of these policies in 1964 was about $30,000; their cash value in 1974 will be about $66,000. The husband pays an annual premium of slightly less than $4,000 for these policies. The insurance policy which the husband seeks to substitute for all but one of the present policies would pay $60,663 for non-accidental death and an additional sum of $45,663 for accidental death. When combined with the one existing policy which would be retained, the total payment for non-accidental death under the proposed insurance coverage would be $70,663. The husband proposes to prepay the premiums on the new policy to cover a period of ten years, at the end of which time the cash value of the policy would be approximately $15,000. The total premium for this policy, prepaid for ten years, would be $9,540.

The evidence elicited at the hearing on the husband's petition also shows that the eldest of the Reid children had completed his education, was emancipated and was working for his father. The second oldest child was a sophomore in college and the other two children were 17 and 12 years old, respectively. The trial court heard the testimony of the parties concerning their understanding of the agreement, the testimony of the husband's insurance agent concerning the kind of policy which his company had agreed to issue to the husband, and the testimony of a retired English teacher concerning the grammatical interpretation of the agree-

ment. After hearing these witnesses and after examining the agreement as well as our prior opinion in this case, the court concluded that the property settlement agreement obligated the husband to guarantee the education of the children in the event of his untimely death and that the proposed change of policies would not in any way lessen that guaranty. Hence the court ordered that the husband be permitted to substitute the policies.

The principal issue raised by the wife's appeal from this order is whether the substitution of the proposed insurance policy, as ordered by the court, complies with the terms of the property settlement agreement. The wife argues that the agreement gave the children an irrevocable property right in the existing policies in addition to providing security for their support and education; that by its order the court improperly substituted its notion of security for that which was definitely agreed upon by the parties and adopted in the decree; and that the court's order deprives the children of their valuable property right because it reduces the face value of the insurance payable at death and it reduces the cash value of the policies in the event that the husband cannot continue to make premium payments after the ten years of prepaid coverage.

Specifically the wife contends that the second and fourth clauses of the agreement provision in question make the children the irrevocable beneficiaries in the principal of the policies and give the children a valuable property right in that principal. We agree that the agreement gives the children a valuable property right, but we cannot agree that this right extends beyond what will be required to provide security for the support and education of the children through college and graduate school. Such a reading of the agreement does not, as the wife contends, make surplusage of

361

 .

the second and fourth clauses of the provision in question. The second clause, which makes the children the irrevocable beneficiaries of the insurance proceeds, was only intended to require the husband to retain the children as beneficiaries until such time as they have completed their education through college and graduate school, at which time his obligation under the agreement ends. Waller v. Waller, 341 Ill App 204, 93 NE2d 113, on which the wife relies, is manifestly not in point because that case involved the determination of the rights of a beneficiary under an insurance policy, not, as in the instant case, the interpretation of a property settlement agreement which has been incorporated into a decree of divorce. Furthermore, our reading of the agreement does not make surplusage of the fourth clause of the provision in question, for that clause was intended to have effect in the event that the husband died before the children completed their education.

We are of the opinion that it was the clear intention of the parties that the property right created by the agreement would exist as a security until the children had completed their college education. We further believe that the insurance policy which the husband proposes to substitute for all but one of the existing policies will fully serve the intended purpose. It is reasonable to expect that within the next ten years the children will have finished their college education, because, at the end of that period, the youngest child will be 22 years old. In the event of the husband's death within this ten year period, the college education of the children will be as secure under the proposed prepaid policy as it would be under the present policies, because the amount payable for non-accidental and accidental death is the same under both the existing and proposed policies. Even if, at the end of

362

the ten year period, the youngest child is still in college or graduate school and if, at that time, the husband cannot continue to pay the premiums on the proposed policy, there will be a cash value of $15,000 in the proposed policy which would certainly be sufficient to secure the husband's obligation under the agreement to pay up to $2,000 annually until the child completes his education. While it is true that the cash value of the existing policies is considerably more than the cash value of the proposed policy, nevertheless the purpose of the provision requiring the husband to retain the insurance policies was to provide for security for the children's college and graduate education and that purpose would not, as we have pointed out, be endangered by the substitution of the proposed policy.

For these reasons, the order of the Circuit Court must be affirmed.

Affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.