**Mamie JACKSON, Appellant,**

v.

**R. Lee JACKSON, Appellee.**

Court of Appeals of Kentucky.

May 15, 1970.

Joseph S. Freeland, Paducah, for appellant.

Tom Garrett, Paducah, for appellee.

REED, Judge.

Mamie Jackson, the appellant, and R. Lee Jackson, the appellee, were married in 1935; they separated in 1962 and appellee filed suit for divorce from his wife. She filed an answer and counterclaim seeking a divorce and alimony from him. Although the parties remained separated except for a brief attempt at reconciliation, the divorce action remained dormant until 1967 when present counsel entered the case. The action was tried by depositions and the trial court upon submission adjudged each party entitled to a divorce from the other; appellant was awarded $3,000 lump sum alimony to be secured by a lien upon a parcel of real property together with the improvements thereon held in the joint names of the parties with right of survivorship. She was also given the household furnishings. He was adjudged the owner of the real property. She appeals on the ground that the alimony adjudged her is not enough. He cross-appeals on the ground that the award to her is too much. The sole issue argued is the amount of alimony. We affirm the judgment of the trial court.

Four children were born as a result of the marriage; all of them are grown and self-supporting. During the marriage, the wife regularly worked for International Shoe Company except for time off to have her children and except for one period of five years when the parties lived in Detroit. She admitted that he paid for the real property, but testified that with her earnings she "kept the grocery bill paid" and "kept the children in school." She bought clothing for the children and paid for her own clothes.

She suffers from a neurological condition that causes her to have convulsive seizures, but medication has kept these occurrences at a minimum. She receives social security disability benefits of $112 per month and a pension of $31.50 per month from the shoe company. She owns an older model car that she acquired after the separation. She will receive a small inheritance by reason of the deaths of her sister and her mother.

The husband has worked for the same employer, Cole Lumber Company, for sixteen years. At the time of the trial, his take-home pay was $86 per week. He lives with one of the children. He purchased a 12.1 acre farm on which is located a house and small stable, in 1935 for $3500. Its current market value was estimated to be $8,000. He owns a 1964 Buick for which he agreed to pay $2600 when he purchased it new. This car is subject to two liens which secure repayment of loans in the aggregate amount of $1100. He owns a

**746**

three-year-old horse worth $85. The husband says he suffers from stomach ulcers.

Apparently the husband was ordered to pay $25 per week temporary alimony in April, 1964. Thereafter, it appears that this amount was perhaps reduced to $20 per week when he failed to pay some of the installments but no order of reduction was entered. He admits that he was in arrears to the extent of about $200 at the time of the trial. She said this arrearage amounts to about $600. The trial court adjudged that he pay the court costs and a fee of $350 to her attorney.

The wife argues that she should receive periodic alimony in addition to the lump sum award. This is an area which we ordinarily leave to the discretion of the trial court. In view of the evidence, we cannot say that discretion was abused in this instance. See Singer v. Singer, Ky., 440 S.W.2d 783 (1969).

The husband insists that the allowance to his wife was excessive. What little estate these parties accumulated was "in the course [of] and by virtue of the joint efforts of husband and wife as a marital unit, one carrying out his responsibilities and the other carrying out hers." The trial court is free to "weigh it up and determine when, whether and how it is to be cut off and separated out." Cooke v. Cooke, Ky., 449 S.W.2d 216, 218 (1970). We are not disposed to disturb the trial judge's solution to the problem.

The judgment is affirmed on both the appeal and the cross-appeal.

EDWARD P. HILL, Jr., C. J., and MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.

NEIKIRK, J., not sitting.