**Virginia Gregory BROWN, Appellant,**

v.

**B. B. BROWN, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1970.

As Modified on Denial of Rehearing Feb. 5, 1971.

Louise G. Kirtley, Owensboro, for appellant.

William M. Gant, Owensboro, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

The appellant was granted a divorce from appellee and awarded custody of the only child of the parties, a boy 9 years of age. The parties were married in 1948. The appellee was ordered to pay $35 per week for the benefit of the child and to pay his emergency expenses. A house and lot, title

to which was in appellant's name, was adjudged to be sold along with certain enumerated pieces of antique furniture, and the proceeds therefrom to be divided equally between the parties.

This appeal followed. No cross-appeal is prosecuted. We affirm.

Appellant's contention reduced to specifics is that she was entitled to more alimony, either lump-sum or periodic, and that the trial court erred in ordering the sale of the house and lot.

■ The approximate total worth of all the property in the name of the parties at the time of the divorce was $16,000. The expected income of appellee for the fiscal year following the divorce was $7,500. The appellant will realize from her one-half the sale price of the house and lot and the antique furniture approximately $8,000, or one-half the worth of the estate. Appellant contends that this is insufficient and that she should have been adjudged periodic future alimony in addition to lump-sum alimony. We are inclined to think there is some merit in her contention. But in view of the liberality of the lump-sum alimony, we cannot say that the failure to also award her monthly alimony for the future is an abuse of discretion. Cf. Ralston v. Ralston, Ky., 396 S.W.2d 775, and CR 51.

■ The appellant argues vigorously that the chancellor erred in adjudging a sale of the house and lot when the title was in her name. Her contention is that her husband deeded the property to her to defeat his creditors and that equity will not disturb such a situation. With this argument we cannot agree. The appellee purchased and paid for this property, and sometime before the divorce was granted, he transferred the title to appellant, he claims, to stop the appellant from nagging him. She says that the deed was made to her under fraudulent intent to defeat his creditors.

We need not resolve this conflict for the elementary reason that regardless of in whose name the title rested, the property was accumulated during the marriage by the joint efforts of the parties. The chancellor properly ordered a sale of the home and a division of the proceeds of the sale between the parties.

■ Complaint is made that the chancellor made no finding of fact required by CR 52. The case was referred to an able trial commissioner who filed his report. Exceptions were filed by both parties and an oral hearing was held thereon, at the conclusion of which the chancellor overruled all exceptions and entered judgment conforming to the commissioner's report. While the judgment did not specifically adopt the report of the commissioner, that is the net result of it.

■ The appellant complains of that part of the judgment which allowed the husband to take an item or two of furniture and some chinaware, to which we attach little or no significance. She argues that the court should have allowed her to retain the home that she might rent rooms and thereby obtain some income. Had this been done, the appellant would have realized considerably less lump-sum alimony. The chancellor had the benefit of all the facts and circumstances, and it was his prerogative to try the facts. We do not find that his judgment was clearly or at all erroneous in any respect.

The judgment is affirmed.

All concur.