Kathryn B. STEPHANSKI, Appellant,

v.

Robert B. STEPHANSKI, Appellee.

Court of Appeals of Kentucky.

Nov. 19, 1971.

Victor Fox and James L. Cottrell, Lexington, for appellant.

Charles Hobson, Frankfort, for appellee.

STEINFELD, Judge.

Appellant Kathryn B. Stephanski and Appellee Robert B. Stephanski had been married fourteen years when the wife sued for an absolute divorce, custody of their children, support for them, alimony, a division of the property and a fee for her attorney. Although finding that "Neither of the parties is free of fault  *  *  *", the court granted the wife's demands except as to amount of money and quantity of property. On this appeal she claims that she was awarded insufficient maintenance for the children and inadequate alimony and property. The allocation of property was based on findings of fact made by the trial court, which findings, unless clearly erroneous, may not be disturbed. CR 52.01; Walters v. Walters, Ky., 419 S.W.2d 750 (1967); Hatfield v. Hatfield, Ky., 417 S.W.2d 218 (1967); Logan v. Logan, Ky., 409 S.W.2d 531 (1966). Unfortunately, in cases such as Price v. Pike, Ky., 458 S.W.2d 440 (1970); Casey v. Casey, Ky., 436 S.W.2d 783 (1969); and Gearheart v. Gearheart, Ky., 430 S.W.2d 319 (1968), we referred to "the chancellor's findings of

fact and law." Obviously, CR 52.01 refers only to findings of fact—not law.

The awards of maintenance and alimony are within the sound discretion of the chancellor and, unless that discretion was abused, we accept the decision. Brown v. Brown, Ky., 462 S.W.2d 201 (1971); Itschner v. Itschner, Ky., 455 S.W.2d 54 (1970); Reynolds v. Reynolds, Ky., 458 S.W.2d 783 (1970); Jackson v. Jackson, Ky., 453 S.W.2d 744 (1970).

The parties own jointly and in survivorship their Frankfort, Kentucky, residence valued at approximately $15,000, on which there is a mortgage indebtedness of $7,000. The monthly mortgage payment of $71.00 covers the debt, interest, insurance and taxes, but is subject to slight adjustment. The residence is well furnished with approximately $5,000 of furniture and appliances. They have a 1967 Buick and a late model Dodge truck, the latter being encumbered by a $2,000 mortgage. Mr. Stephanski owns a one-ninth interest in the Frankfort Investment Corporation, which is valued at about $1,500, and some tools which he uses in his air-conditioning business. Forty shares of AT&T common stock, worth in the neighborhood of $1,700, registered in the name of Mr. Stephanski are pledged to secure a $2,500 bank debt. Evidence revealed that there were unpaid business debts in excess of the accounts receivable. The husband carries life insurance on himself in the amount of $15,000. It may reasonably be estimated that the total net worth of this couple was less than $18,000. The AT&T stock was inherited by the husband and the remaining property was generally acquired through joint efforts of the parties.

Proof indicated that the recent annual net income of the husband has been not more than $7,500. Mrs. Stephanski has been engaged in the real estate business from which she has earned from about $1,500 to $2,700 per year.

■ Born of this marriage were a boy and two girls, whose ages are 12, 9 and 7 years, respectively. For them the father was to " * * * pay * * * $50.00 per week * * *, said payment shall be reduced by $10.00 per week as each child reaches age 18 until the youngest shall attain that age, whereupon all payments shall cease." The chancellor ordered that the wife and children be permitted to occupy the residence until the youngest attains the age of 18 years, at which time the residence shall be sold and the wife paid one-third of the net proceeds realized from the sale and the husband the remainder. She was given the contents of the residence and the Buick stationwagon. The husband was awarded the truck, his tools, the AT&T stock and the stock in the Frankfort Investment Corporation, but he must pay the mortgage debt on the truck and bank debt. The trial court also ordered the husband to continue making the mortgage payments on the residence. It determined that such payments would be treated and considered as periodic alimony.

We have examined this award in the light of our decisions in Colley v. Colley, Ky., 460 S.W.2d 821 (1970), and Goldstein v. Goldstein, Ky., 377 S.W.2d 52 (1964), and find no basis for disturbing that which the chancellor has done. See also Clark v. Clark, Ky., 425 S.W.2d 745 (1968), re maintenance for children. We recognize the great difficulty that the wife and children will encounter in their efforts to continue to retain their economic status and living standard. However, we also observe that the earning capacity of the father and husband, as evidenced by past experience, is inadequate to provide a greater amount.

■ It is contended that the circuit court erred in not requiring Mr. Stephanski to name and keep Mrs. Stephanski and the children as co-beneficiaries of the life insurance policies. Some courts have held that the chancellor has the authority to require the husband to maintain life insurance for the benefit of his children, while others have reached the opposite view. See, for example, Riley v. Riley, Fla.App., 131 So.2d 491 (1961); Allison v. Allison,

**808**

188 Kan. 593, 363 P.2d 795 (1961); Reid v. Reid, 58 Ill.App.2d 357, 208 N.E.2d 1 (1965); Laws v. Laws, 164 Colo. 80, 432 P.2d 632 (1967); and Wooddy v. Wooddy, 258 Md. 224, 265 A.2d 467 (1970). It is not necessary for us to determine which line of cases should be followed. In our opinion, even if the chancellor had the power, he did not abuse his discretion in failing to impose that obligation on Mr. Stephanski.

The judgment is affirmed.

All concur.