Bess **BELL**, Appellant,

v.

**Darrell R. BELL**, Appellee.

Court of Appeals of Kentucky.

May 4, 1973.

R. B. Bertram, David C. Hull, Monticello, for appellant.

Eddie C. Lovelace, Albany, for appellee.

STEINFELD, Justice.

Appellee Darrell R. Bell petitioned for an absolute divorce from appellant Bess Bell. He conceded to her the custody of their two minor children, whose ages were 7 and 9 years, and expressed his willingness to support them. The action was contested until the present divorce laws became effective, after which the trial court decreed the marriage dissolved (KRS 403.140) and allowed appellant $40 monthly maintenance (KRS 403.200) and $135 per month as child support (KRS 403.210). The father was directed to pay all extraordinary medical bills after " * * * proper application to the court" for one of the children who was afflicted with rheumatoid arthritis. On this appeal the sole complaint is that these awards were inadequate. We affirm.

The proof showed that Mr. Bell's only "take-home" income was $505 per month, which was earned as an assistant high school basketball coach. His monthly expenses and fixed payments at the time of the judgment were $56 to two loan companies, $43 to a bank, $40 to his mother for room and board, $25 for clothing, $30 for gasoline, $13 for insurance and $20 to $25 for incidentals, leaving $278 (approximately) out of which to pay appellant $175 and pay all other necessary expenses. Mrs. Bell earns up to $170 per month as a teacher's aide, however, she does not work during school vacations and frequently earns less that the maximum salary. She testified that the minimum cost of living for her and the two children was $390 per month.

KRS 403.200(2) provides:

"The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after

considering all relevant factors including:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age, and the physical and emotional condition of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance."

KRS 403.210 directs:

"In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:

(1) The financial resources of the child;

(2) The financial resources of the custodial parent;

(3) The standard of living the child would have enjoyed had the marriage not been dissolved;

(4) The physical and emotional condition of the child, and his educational needs; and

(5) The financial resources and needs of the noncustodial parent."

The maintenance statute in KRS 403.-200(2)(f) refers to ability to produce income and the needs of the income producer. The child support section, KRS 403.210 (5), speaks of these subjects, but in different terms.

If the choice had been ours, we might have awarded slightly more to Mrs. Bell and the children, but we are unwilling to say that we detect an abuse of discretion on the part of the chancellor. We repeat what we observed in Stephanski v. Stephanski, Ky., 473 S.W.2d 806 (1971):

"We recognize the great difficulty that the wife and children will encounter in their efforts to continue to retain their economic status and living standard. However, we also observe that the earning capacity of the father and husband, as evidenced by past experience, is inadequate to provide a greater amount."

It is to be hoped that Mr. Bell will liquidate his debts and that he will establish greater earnings in the near future so that he may better provide for those dependent upon him.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.