Zelma PRIDDY, Appellant,

v.

Charles PRIDDY, Appellee.

Court of Appeals of Kentucky.

Jan. 18, 1974.

John L. Arnett, Collier, Arnett, Coleman & Cooper, Elizabethtown, for appellant.

John W. Bland, Jr., Lewis & Bland, Elizabethtown, for appellee.

JONES, Justice.

After a marriage of twenty-four years, appellee, Charles Priddy, 44 years of age, and appellant, Zelma Priddy, also 44, came to a parting of the ways and sought the aid of the Hardin Circuit Court in a dissolution of the marriage and an equitable distribution of the meager marital property that had accumulated as a result of their joint efforts.

They were married in 1949. Three children were born to the marriage; one child died; another child was emancipated; and one child, age 15, chose to live with Charles.

During the marriage Charles and Zelma accumulated a 67-acre farm valued at between $18,000.00 and $25,000.00, which farm had an outstanding mortgage in the amount of $13,000.00. The parties had household furniture and appliances, a 1965 Comet automobile, a 1971 Chevrolet truck and a 1951 Ford tractor with a disc and trailer. The Chevrolet truck was financed, and Charles had payments to make in the amount of $105.00 per month.

Charles is a stockyard worker and stock trader by profession. In 1971 he earned approximately $3,300.00; and in 1972 he earned $5,248.00. When the marital difficulty arose Charles quit work, and he testified that he wanted the marital problems settled before he resumed his work.

The trial court awarded Charles the Comet automobile, the Chevrolet truck, the Ford tractor and farm implements. The court also awarded Zelma the household furniture. The real estate owned by the parties was ordered sold, the lien debts paid and the remainder to be divided equally between the parties. Both Charles and Zelma were directed to pay their respective attorneys.

On appeal, Zelma contends that the trial court erred in not awarding her maintenance and that she should have been awarded one-half of the true net estate of the parties.

In comprehensive findings of facts, conclusions of law, and judgment, the trial court concluded, among other enumerated facts, that both Charles and Zelma had labored and contributed to the acquisition of the marital property. The court found also that Zelma was not employed or qualified to work at public employment and that she had some health problems.

■ We are of the opinion that Zelma's first contention of error has merit. The evidence adduced at the trial indicates that after the sale of the jointly acquired property, when the lien is paid, she would lack sufficient property to provide for her reasonable needs. It is also shown that she is unable to support herself through appropriate qualifications to seek employment outside the home. KRS 403.200(1). Bell v. Bell, Ky., 494 S.W.2d 517; Chapman v. Chapman, Ky., 498 S.W.2d 134. There was an abuse of discretion by the Chancellor's failure to award maintenance.

■ There appears to be no merit in Zelma's next contention. The Chancellor did award her one-half of the net estate.

The judgment is affirmed in all matters except that part wherein the Chancellor denied maintenance, which is reversed with directions that the court award maintenance to Zelma, consistent with the provisions of KRS 403.200.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., sitting.

JONES, MILLIKEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., concurring.

OSBORNE, C. J., not concurring.