Elizabeth SAYRE, Appellant,

v.

Charles SAYRE, Appellee.

Court of Appeals of Kentucky.

July 6, 1984.

Rehearing Denied Sept. 7, 1984.

Michael R. Eaves, Sword, Floyd, Bohannon & Eaves, Richmond, for appellant.

Robert C. Moody, Moody & Williams, Richmond, for appellee.

Before DUNN, McDONALD and MILLER, JJ.

McDONALD, Judge:

This is a dissolution of marriage case in which Elizabeth Sayre appeals from so much of the judgment of the Madison Circuit Court that denied her maintenance. Elizabeth and Charles were married for approximately 23 years and one child, now an adult, was born of the marriage. The court entered a memorandum opinion and final judgment which divided the marital property about equally and denied Elizabeth maintenance. She made a motion for additional findings and to amend as required by CR 52.02 and *Cherry v. Cherry*, Ky., 634 S.W.2d 423 (1982). Therefore, this issue is preserved for appellate review.

Both Charles and Elizabeth worked during the entire period of their marriage. Charles, who was originally a state trooper, is now an instructor at Eastern Kentucky University and earns approximately $30,000 per year. Elizabeth, a registered nurse, works in the office of a Richmond physician. While it appears that early on in the marriage Elizabeth earned more than Charles, her income at the time of separation was roughly $10,000 per year. While Elizabeth acknowledges that she could probably earn substantially more money working in a hospital or another setting, she prefers to continue her employment as it guarantees her a degree of stability. Because of the difference in income of the parties, Elizabeth contends that she is entitled to maintenance.

We first note that the award of maintenance is within the discretion of the trial court and the judgment of the court will not be set aside unless there is an abuse of that discretion. *Bell v. Bell*, Ky., 494 S.W.2d 517 (1973); *Browning v. Browning*, Ky.App., 551 S.W.2d 823 (1977). The trial court points out and the case law affirms that there are numerous factors to be considered in making a determination as to whether maintenance ought to be awarded. K.R.S. 403.200 states:

[T]he court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property including marital property apportioned to him, to provide for his reasonable needs; and (b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Those threshold questions must be addressed before considering the balance of the statute. Elizabeth cites the case of *Atwood v. Atwood,* Ky.App., 643 S.W.2d 263 (1982), for the proposition that when the wife's reasonable living expenses are twice her income and the husband has excess income, then he ought to be required to pay maintenance. In the present case, were we merely to accept that proposition at face value, the calculation set forth in *Atwood* would suggest the following:

| | | |
|---|---|---|
| Charles' net income | $30,000 | |
| Elizabeth's net income | $10,000 | |
| Total of joint income | $40,000 ÷ 2 = | $20,000 mean income |
| Deduct Elizabeth's income | | $10,000 |
| Amount subject to maintenance | | $10,000* |

 The amount of $10,000, which is theoretically available for maintenance consideration, is subordinate to the express com-

---

* This amount is subject to any other applicable deductions such as child support payments, pay-

mand of K.R.S. 403.200(2); which states, "The maintenance order shall be in such amounts and for such periods of time as the Court *deems just,* and after considering all relevant factors ...." (Emphasis added.) However, the balancing calculations set forth in *Atwood* are clearly subject to the trial court's discretion. The determinative factor in the present case is Elizabeth's personal choice to remain at her lower paying job. We note that her vocation is not dangerous and there is no necessary reason for her to fail to pursue a higher paying job. Therefore, since that is a matter of purely personal choice, we do not believe that *Atwood* requires an award of maintenance and therefore we affirm the judgment of the circuit court as it is not clearly erroneous.

All concur.

ments of court ordered debt obligations, etc.