Brenda Nickell PLATT, Appellant,

v.

Bruce Haldeman PLATT, Jr., Appellee.

Court of Appeals of Kentucky.

April 24, 1987.

Gordon J. Dill, Jr., Ashland, for appellant.

C. David Hagerman, Williams & Hagerman, Ashland, for appellee.

Before HOWERTON, C.J., and COMBS and HAYES, JJ.

COMBS, Judge.

This domestic relations appeal is from the Boyd Circuit Court. In seeking reversal, appellant contends the amount and duration of maintenance awarded her by the trial court was an abuse of its discretion.

The parties were married for sixteen years. One child was born during the marriage, a ten-year-old daughter. Appellee was employed by a furniture store receiving a net monthly income of $1,485.00. Appellant was a homemaker and college student first working towards a degree in French, then switching her goal to elementary education. She had prior work experience as a bank teller.

Appellee had received $99,000.00 from the sale of stock, $92,000.00 of which was non-marital property. Half of this amount remained two and one-half months before the hearing. Appellee's monthly expenses were $929.00. Appellee paid appellant about twice the amount of his earnings during the separation period. Appellant received almost $31,000.00 from the sale of marital assets, including the residence. Appellee was also ordered to continue financing appellant's education. His child support obligation increased from $300.00 to $500.00 per month upon the sale of the marital residence. Appellee continues to be responsible for all the financial needs of the child.

Maintenance determinations are within the sound discretion of the trial court. In matters of discretionary findings we cannot disturb those of the trial judge unless the discretion is absolutely abused. *Moss v. Moss*, Ky.App., 639 S.W.2d 370 (1982). A reading of the trial court's findings, conclusions, and judgment reveals that ample consideration was given to the maintenance guidelines of KRS 403.200. We believe the trial court's resolution of the maintenance problem to be a paradigm of discretion soundly exercised. We agree with the court's astute observation that during their marriage the parties were "the classic example of living beyond their means."

Appellant further argues that it was improper for the trial court to exclude her own testimony accusing appellee of infidelity. Appellant asserts this is admissible as evidence of fault on the part of appellee and should be considered when determining the amount of her maintenance. She cites KRS 403.200; *Chapman v. Chapman*, Ky., 498 S.W.2d 134 (1973), and *Leveck v. Leveck*, Ky.App., 614 S.W.2d 710 (1981).

KRS 403.200 does not include "fault" anywhere as a factor to be considered when arriving at a just amount of maintenance. It states those factors that are to be considered, and describes them as "all relevant factors." The Legislature did not choose the language "all relevant factors including *but not limited to:*"; language it could have chosen. It is true that our former Court of Appeals in *Chapman, supra*, held, despite the glaring legislative exclusion, that fault may be considered in determining the amount of maintenance. However, the fault considered in *Chapman* was on the part of the party seeking maintenance. In *Leveck, supra*, the party seeking maintenance sought more money on appeal contending that her spouse was at fault and relying on *Chapman*. This court, in deciding *Leveck*, said simply that there was no showing that the trial court failed to consider all relevant factors within KRS 403.200(2).

While we accept the holding of *Chapman*, noting our prior criticism, here is where we draw the line limiting when fault may be considered to the disregard of KRS 403.200. We believe if considering fault in determining the amount of maintenance has any redeeming quality, it is that it may

prevent a windfall to the faulty party seeking maintenance. We decline to further disfigure the statute, against which *Chapman* is already guilty of mayhem, by holding that the party seeking maintenance may punitively use the fault of his or her spouse to extort an amount of maintenance greater than what the statute would legitimately allow. We do not believe it is constitutionally permissible for the judiciary to reinsert it where the Legislature has seen fit to do otherwise.

The judgment of the Boyd Circuit Court is affirmed.

HOWERTON, C.J., concurs in result only.

HAYES, J., concurs.