No. 3--01--0252

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2002 

In re
 MARRIAGE OF ) Appeal from the Circuit Court

NIKY OSBORNE, n/k/a ) of the 14th Judicial Circuit, 

NIKY BOWLES, ) Rock Island County, Illinois

 )

Petitioner-Appellee,
 )

 ) No. 79--D--532

and )

 )

ROBERT A. OSBORNE, ) Honorable

                                ) Larry S. Vandersnick,

Respondent-Appellant. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:

_________________________________________________________________

Niky and Robert Osborne were divorced on August 31, 1979.  The judgment of dissolution incorporated by reference a marital settlement agreement.  In this agreement, Niky was named as the irrevocable beneficiary of six life insurance policies.  Robert was obliged to pay the premiums on five of these policies.  Robert filed a "Petition to Terminate Support" seeking to terminate his obligation to maintain the policies.  The court denied his petition and Robert appealed.  We affirm.

BACKGROUND

The settlement agreement, titled "Separation Agreement," referred to six life insurance policies in paragraphs 4, 18, 19, and 20.  Paragraph 4 states that "[Niky] shall be the irrevocable beneficiary on the childrens' [sic] life insurance policies, and [Robert] shall keep said policies in full force and effect."  According to the judgment of dissolution of marriage, the couple had two children.  This paragraph, therefore, was referring to two insurance policies, one on the life of each child.

Paragraph 18 says that "[Niky] shall be made the irrevocable beneficiary of the present existing policy at Deere and Company ***."  The record reflects that Robert was employed at Deere and Company, which paid the premiums on that life insurance policy, and that the policy was payable at Robert's death.

In paragraph 19, the agreement reads that "[Robert] shall cancel the present insurance policy that he has on the real estate of the parties *** and shall replace the same with a $70,000.00 adjustable term policy and [Niky] shall be the irrevocable owner and beneficiary of said policy."  Paragraph 20 states that "[Niky] shall be the irrevocable beneficiary and owner of the policies presently in Connecticut Mutual and Occidental Life, and [Robert] shall pay the premiums thereon as the same accrue."  The policies referred to in paragraphs 19 and 20 were payable upon the death of Robert.

In Robert's petition, he argued that the purpose of maintaining these life insurance policies was to provide support for his children in the event of his death until they were emancipated.  At the time of his petition, Robert stated that both children were over 22 years of age and without need of support.  He asked the court to terminate his obligation to maintain these insurance policies.  In his brief in support of his petition, Robert stated that premiums for the Occidental life insurance policy increase each year such that "the increase from this point forward becomes very dramatic."  At the hearing on the petition, Robert's attorney stated that Robert was paying approximately $3,570 in annual premiums for four of the policies, of which $3,045 was for the Occidental policy.

The court denied Robert's petition.  In its order, the court explained that the pertinent provisions of the agreement unambiguously named Niky as the irrevocable beneficiary of the life insurance policies.  The court stated that these provisions were contained in paragraphs that were separate from the provisions for child support.  The court noted that the agreement did not state that the life insurance policies were security for child support or maintenance.

As a court of equity, the court order authorized Robert to substitute a term life insurance policy "for the existing Transamerica Occidental Life Insurance policy *** in order to provide [Robert] the opportunity to reduce or lower the annual premiums at a level rate as opposed to the present escalating rate."  Robert appeals from the denial of his petition.

ANALYSIS

General contract rules apply to the interpretation of marital settlement agreements when the trial court considers a motion to terminate support.  When interpreting a marital agreement, the court must ascertain and give effect to the parties' intent.  The language of the marital agreement is the best indication of the parties' intent.  When the terms of a marital agreement are clear and unambiguous, the court must give these terms their ordinary and natural meaning.  An ambiguous term is one that is susceptible to multiple meanings or interpretations.  Whether a term is ambiguous is a question of law that we review 
de
 
novo
.  
In re Marriage of Hahn
, 324 Ill. App. 3d 44, 754 N.E.2d 461 
(2001).

On appeal, Robert relies upon 
In re Marriage of Tieman
, 237 Ill. App. 3d 847, 604 N.E.2d 1098 (1992), for the proposition that life insurance on the life of a non-custodial father, and his obligation to pay the premiums, is for the purpose of securing his child support obligation.  
In 
Tieman
, under the trial court's order, the father was obligated to maintain a life insurance policy on his life with the children as beneficiaries until the youngest attained 18 years of age.  The oldest of the three children was 21 years old.  The father sought to reduce the amount of life insurance he was to maintain by one-third.  The trial court allowed this reduction.  The appellate court affirmed, reasoning that life insurance naming a child as beneficiary was intended to secure that child's support in the event of the insured's death.

In this case, Robert also looks to 
Reid v. Reid
, 58 Ill. App. 2d 357, 208 N.E.2d 1 
(1965), upon which 
Tieman
 relied.  In 
Reid
, the settlement agreement stated that the father was to maintain life insurance policies on his life to pay for the support, college, or graduate school expenses of his children.  The children were to be named as irrevocable beneficiaries of these policies.  The father petitioned the court to substitute one set of life insurance policies for another set of policies.  The trial court permitted the father to make the substitution.  The appellate court affirmed, ruling that the father's substitution of insurance policies fulfilled the purpose of providing security for the children's college and graduate educations.

Both 
Tieman
 and 
Reid
 are readily distinguishable from the instant case in that the children in those cases unambiguously were named as beneficiaries of the life insurance policies.  Furthermore, in both cases, the courts' orders included clear and unambiguous language indicating that the proceeds from the life insurance were for specific purposes for the children.  In 
Tieman
, the life insurance was to benefit the children until age 18.  In 
Reid
, the life insurance was to benefit the children until they had completed college and graduate school.

In the present case, Niky, not the children, was unambiguously named as the irrevocable beneficiary of the policies.  In interpreting the marital settlement agreement, the circuit court gave the language of the agreement its ordinary and natural meaning.  This meaning was the best indication of the intent of the parties at the time of dissolution.

Contrary to Robert's assertions, nothing in the plain language of the agreement indicated that his obligation to maintain these life insurance policies was meant as consideration for child support or spousal maintenance.  As a matter of law we hold that the circuit court did not err by denying Robert's petition to terminate support.  Furthermore, the trial court ruled equitably by modifying the settlement agreement to provide Robert with relief from the escalating premium payments of one of these life insurance policies.

CONCLUSION

For the foregoing reasons, we affirm the ruling of the Rock Island County circuit court.

Affirmed.

BRESLIN and SLATER, JJ., concur.