Mark E. BAILEY, Appellant,

v.

Geraldine Marie BAILEY, Appellee.

No. 2006–CA–001188–MR.

Court of Appeals of Kentucky.

Sept. 21, 2007.

As Modified on Partially Grant of Rehearing Feb. 15, 2008.

Earl Rogers III, Morehead, KY, for appellant.

Michelle R. Williams, Mt. Sterling, KY, for appellee.

Before HOWARD and MOORE, Judges; GUIDUGLI,[1] Senior Judge.

*OPINION*

HOWARD, Judge.

The appellant, Mark E. Bailey (Mark), appeals the judgment of the Bath Circuit Court awarding the appellee, Geraldine Marie Bailey (Geri), maintenance and child support. Mark contends that the circuit court abused its discretion in considering their child's future college expenses in de-

---

1. Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Jus- tice pursuant to Section 110(5)(b) of the Ken- tucky Constitution and KRS 21.580.

termining the duration of the maintenance award. We agree and vacate the last four years of the maintenance award.

Mark is an emergency care physician and Geri is a nurse. Their son Jack was born in July 1995, and they subsequently married on May 17, 1997. They separated in February 2000. After their separation, Mark initially deposited money into a joint account that both parties accessed. Beginning in 2002, he deposited $2,350 every two weeks into a bank account for Geri and Jack's support. In late 2005, Mark notified Geri that he was curtailing his work hours and could not deposit as much money on a biweekly basis.

Geri filed a petition for dissolution of marriage on February 17, 2006. The parties settled all issues with the exception of child support and maintenance. After a hearing the circuit court entered an order on May 4, 2006, establishing those obligations. The court found that both Geri and Mark were voluntarily underemployed and imputed income to both parties. At the time of the hearing, Geri worked three days a week and earned approximately $24,000. The court found that she was capable of earning $40,000 working full-time. Mark was earning approximately $270,000 at the time of the hearing. However, he had worked additional shifts and hours in recent years and had earned as much as $331,000 in 2004. The circuit court found that he was capable of earning $300,000 annually. The parties' combined income exceeded the child support guidelines, and the court awarded monthly child support of $2,072.34.

The circuit court also awarded Geri maintenance in the sum of $2,000 per month and established the duration of that award at twelve years. This was expressly based upon Jack's age at that time of ten. Geri had asked for eight years of maintenance, to assist her until Jack graduated from high school at age eighteen.

The circuit court awarded twelve years, so as to provide maintenance to Geri until Jack graduated from high school, and for four additional years beyond his graduation. However, this last four years of maintenance was "conditioned on him attending college full time with the Petitioner's [Geri's] assistance." Mark filed a motion to reconsider the duration of the maintenance award. In support of his motion, Mark cited *Atwood v. Atwood,* 643 S.W.2d 263, 267 (Ky.App.1982), which holds that the college expenses of emancipated children are not relevant and should not be considered in determining "the amount of maintenance."

The circuit court denied the motion to reconsider and made the following findings in its order:

2. The future college expenses for the parties' child are not relevant to determining the amount of maintenance. The amount of maintenance was based upon [Geri's] current expenses.

3. After determining the amount of maintenance, the Court considered the duration of the maintenance. The May 4, 2006, order provided that, "[Mark] is under no obligation to pay for Jack's (the parties' child) college education after he graduates from high school. To help offset the future burden this will impose on [Geri], [Mark's] maintenance shall be payable to [Geri] for four years beyond the date Jack graduates from high school." So long as Jack is in college for the additional four years, [Geri] will not be permitted to downscale her life and will be losing the child support as well. The decision of this Court does not violate *Atwood.*

This appeal followed. Mark does not contest the child support award or the monthly amount of the maintenance award. He asserts that the circuit court abused its discretion in considering college

expenses when it established the duration of the maintenance award.

■ We begin with our standard of review. It is well-settled that we will not disturb a trial court's award of maintenance unless the court "abused its discretion or based its decision on findings of fact that are clearly erroneous." *Powell v. Powell,* 107 S.W.3d 222, 224 (Ky.2003). The amount and duration of maintenance are within the sound discretion of the trial court. *Browning v. Browning,* 551 S.W.2d 823 (Ky.App.1977); *Russell v. Russell,* 878 S.W.2d 24 (Ky.App.1994). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton,* 125 S.W.3d 258, 272 (Ky.2004), *citing Commonwealth v. English,* 993 S.W.2d 941 (Ky.1999).

■ As recognized by the circuit court, Mark has no legal duty to support Jack after he is of age. Except where there is a contract between the parties to extend the obligation, or the child is severely handicapped, pursuant to KRS 405.020(2), "the court may not require a parent to support a child beyond majority." *Wilhoit v. Wilhoit,* 521 S.W.2d 512, 513 (Ky.1975).[2] *See also Abbott v. Abbott,* 673 S.W.2d 723 (Ky. App.1983).

■ It is also established in Kentucky law that what the court may not do directly, by ordering child support, it may not do indirectly, by ordering maintenance. In

*Atwood v. Atwood, supra,* this court stated,

... since appellee is under no legal duty to support the children beyond their eighteenth birthdays, future college expenses the children may incur are not relevant in determining the amount of maintenance to which appellant is entitled.

*Atwood,* 643 S.W.2d at 267.

Kentucky is not alone in adopting such a rule. In *Grapin v. Grapin,* 450 So.2d 853 (Fla.1984), the Florida Supreme Court similarly prohibited the basing of maintenance on the college expenses of emancipated children. The court stated, "any duty to do so is a moral rather than a legal one[,]" and "[w]e disagree with this indirect method of compelling unwilling divorced parents to provide college costs for their capable adult children." *Id.,* at 854.[3]

■ In this case the final four years of the maintenance award were expressly based on the impact on Geri of providing for Jack's college education, thereby indirectly compelling Mark to provide for Jack's college costs. Under the circuit court order, if Jack doesn't go to college, or if Geri doesn't assist him, Mark doesn't owe the maintenance. The trial court's distinction between the monthly *amount* of the maintenance and the *duration* is unpersuasive. Simply put, extending the duration of maintenance increases the

**2.** While it is not relevant to the issue in this case, KRS 403.213(3), adopted after *Wilhoit,* extends the child support obligation, if the child remains in high school, to the end of the school year in which he turns nineteen.

**3.** The Florida court also held that it would be a violation of the constitutional guarantee of equal protection to require divorced parents to pay for their children's college education when married parents had no such obligation: "It would be fundamentally unfair for courts

to enforce these moral obligations of support only against divorced parents while other parents may do as they chose.... It denies such divorced parents their constitutional right to equal treatment under law;" *Grapin,* 450 So.2d at 854. While we do not find it necessary to rely on constitutional grounds for our ruling herein, given adequate precedent in Kentucky law, we find considerable merit in the argument that it would be "fundamentally unfair" to impose a duty on divorced parents not imposed on other parents.

amount of maintenance. The rationale of *Atwood* is that a parent is not legally obligated to pay the college expenses of an emancipated child. While Mark may have a moral obligation to assist Jack with his college expenses, he has no legal obligation to do so.

Geri contends that the duration of the maintenance award was necessary for her to maintain her standard of living. The "standard of living established during the marriage" is one of the many factors that a trial court must consider in making a maintenance award. KRS 403.200(2). However, the circuit court expressly stated that the monthly amount of its award was based on Geri's standard of living, or "expenses," and that Jack's anticipated college expenses were the basis for the duration of the award, specifically for the last four years. The rationale of *Atwood* requires that we hold that the duration of a maintenance award can no more be based on the college expenses of an emancipated child than can the monthly amount.

Geri asked for maintenance for eight (8) years, until Jack graduates from high school and is emancipated. The circuit court granted that request, and made sufficient findings to support such an award. The court also established a monthly amount of maintenance, after considering the statutorily relevant factors, including Geri's standard of living. The circuit court erred only in adding four additional years of maintenance, based solely on Jack's anticipated college expenses. We find that such award is "unsupported by sound legal principles," as set out above, and is therefore an abuse of discretion. Therefore, the last four years of the maintenance award are hereby vacated. The remainder of the order of the Bath Circuit Court is affirmed and this action is remanded to that court for entry of an order consistent with this opinion.

ALL CONCUR.