Dewey WOOD,
Appellant/Cross-Appellee,

v.

Mary Lou WOOD,
Appellee/Cross-Appellant.

Court of Appeals of Kentucky.

Oct. 10, 1986.

Rehearing Denied Dec. 12, 1986.

Louis M. Waller, Russellville, for Dewey Wood.

G.D. Milliken, Jr., Bowling Green, for Mary Lou Wood.

Before COMBS, COOPER and MILLER, JJ.

COOPER, Judge.

This is a second appeal and cross-appeal from a judgment of the trial court dissolving the marriage between the parties. On appeal and cross-appeal, the single issues before this court are whether the trial court erred in: (1) awarding the appellee/cross-appellant, Mary Lou Wood, a cash award of $300,000; and (2) failing to award her maintenance. Reviewing the record below, we affirm in part, reverse in part and remand.

Although the appellant, Dewey Wood, and the appellee raise numerous issues arising from a judgment originally entered on June 30, 1983, this Court, following directions issued in an opinion by the Court of Appeals on July 6, 1984, is limited to reviewing two specific issues: whether an original cash award to the appellee of $300,000, following a subsequent hearing before the trial court, was supported by the evidence; and whether the trial court's failure to award the appellee maintenance was supported by the evidence.

In its original opinion, the Court of Appeals stated that:

... the trial court's 'Opinion-Judgment and Decree of Dissolution' fails to recite sufficient findings of fact for this Court to determine the issues before it....

For these reasons, so much of the Logan Circuit Court's judgment providing cash awards of $300,000.00 and $100,000.00 to the wife are VACATED and this case is REMANDED to the Logan Circuit Court for findings of fact and conclusions of law in the areas described in this opinion and, if necessary to make them, for the taking of additional proof.

■ Although both parties argue that the trial court erred in its division of the marital property, we find, from a review of the record below, that there was sufficient evidence to support a finding that the appellee was entitled to a cash award of $300,000. Such award, together with other assets awarded to her totaled $512,000. Conversely, the appellant was awarded assets with a net value of $1,024,525. Although the appellee argues that the marital estate should have been divided equally, there is no statutory basis for such an argument. Rather, the trial court is to divide the marital property in just proportions, considering all relevant factors. KRS 403.190(1). Here, we cannot say that the division of the marital assets was clearly erroneous or a clear abuse of discretion.

■ Secondly, although in its original judgment the trial court awarded the appellee $100,000 in maintenance—to be payable over a ten-year period—it subsequently entered a judgment awarding her no maintenance. Specifically, it ruled that the appellee was not entitled to maintenance or alimony in that the award to her "coupled with her inherited property is sufficient for her to maintain her prior, present and future standard of living." Notwithstanding such ruling, there is no finding of fact in this second judgment as to the income producing value of the appellee's inherited property, nor the income producing value of the property awarded to her in the division of the marital assets. Furthermore,

the trial court made no finding as to the appellee's ability to support herself through appropriate employment, nor the standard of living established during the marriage. KRS 403.200. Although the trial court awarded the appellee a cash award of $300,000, the appellant had the option of paying the appellee $50,000 initially, with the balance being payable at the rate of $25,000 per year for ten years. Clearly, if the appellant chose such an option, the appellee would have a minimal amount of principal during this first year with which to generate income, even if it is taken as fact, as is argued by the appellant, that the duplex awarded to her would generate an annual income of $4,320.

Simply stated, the trial court failed to follow the statutory guidelines set forth in KRS 403.200 in denying the appellee an award of maintenance. As such, it is directed on remand of this action to consider the specific statutory language contained in KRS 403.200, and to issue specific findings of fact in determining whether an award of maintenance to the appellee is justified under the statute. This is especially necessary in light of the fact that the appellee was awarded less than half of all the marital assets.

The judgment of the trial court is affirmed, except as to the ruling denying the appellee an award of maintenance. On remand, the trial court is directed to issue additional findings of fact, following the language of KRS 403.200, in determining whether an award of maintenance to the appellee is warranted.

COMBS, J., concurs.

MILLER, J., concurs in part and dissents in part.

MILLER, Judge, concurring in part and dissenting in part.

I would affirm the circuit court on all issues in these appeals. I do not believe this is an appropriate case for maintenance.