**William E. PERRINE, Appellant,**

v.

**Patricia CHRISTINE, Appellee.**

**No. 90–SC–972–DG.**

Supreme Court of Kentucky.

May 14, 1992.

Rehearing Denied Aug. 28, 1992.

John Marion Williams, Ashland, for appellant.

Richard W. Martin, III, P. Kimberly Watson, Ashland, for appellee.

COMBS, Justice.

The sole issue presented in this marital dissolution case is whether the trial court abused its discretion in terminating a temporary maintenance order.

William and Patricia were married for thirty-four years. They are now in their late fifties, and have no minor children. William is an administrative vice-president of Ashland Oil, Inc., and in 1989 received a base salary of $151,000. He is also eligible for conditional performance bonuses, and has vested interests in several company retirement and stock option programs. Patricia is unemployable.

The petition for dissolution was filed in June 1988. In August, Patricia moved for an order of temporary maintenance in an amount of not less than $3,000 per month. The trial court entered an order requiring William to pay Patricia temporary maintenance of $1,500 every two weeks. On October 7, the parties entered into an agreement as to the distribution of property, which was essentially a half-and-half division, including equal division of William's accrued employment benefits, pension, and deferred compensation plans at Ashland Oil. The agreement was incorporated into the decree of dissolution, the court finding that it was not unconscionable. A qualified domestic relations order was entered on May 24, 1989.

■■■ In July 1989, William moved to terminate maintenance. Following a hearing, the trial court terminated maintenance, finding:

> The evidence establishes that after taxes, the marital estate apportioned to the respondent [Patricia] is in excess of $533,000.00 and that the same can be invested at a return rate of nine percent per annum which is sufficient to provide for the respondent's needs. Her reasonable needs do not exceed $46,000.00 per annum.

In the same order the court awarded Patricia an additional $21,000 as her portion of William's 1988 after-tax bonus of $42,000. Patricia appealed on the issue of maintenance, and the Court of Appeals reversed, directing the trial court to award maintenance to continue until February 1, 1993 (William's mandatory retirement date). We took discretionary review, and now reverse the decision of the Court of Appeals and reinstate the order of the trial court.

KRS 403.200 provides, in part:

> (1) In a proceeding for dissolution of marriage or legal separation ... the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
>
> (a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs....

> (2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:
>
> (a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently ...
>
> . . . . .
>
> (c) The standard of living established during the marriage;
>
> (d) The duration of the marriage;
>
> (e) The age, and the physical and emotional condition of the spouse seeking maintenance; and
>
> (f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

Under this statute, the trial court has dual responsibilities: one, to make relevant findings of fact; and two, to exercise its discretion in making a determination on maintenance in light of those facts. In order to reverse the trial court's decision, a reviewing court must find either that the findings of fact are clearly erroneous or that the trial court has abused its discretion.

■■ Here there has been considerable dispute concerning the size and liquidity of Patricia's post-decree estate. Patricia insists that her estate at the time of maintenance termination consisted of $384,000 in freely liquid assets, plus some $260,000 in deferred payment assets held by Ashland Oil. She argues that premature liquidation of the Ashland Oil accounts would result in a loss of some thirty-two percent of the total via taxation, whereas postponement of liquidation would allow her to take advantage of favorable tax treatment. The trial court's finding that Patricia's net estate, after taxes, was $533,000 is consistent with early liquidation of the Ashland Oil interests and payment of thirty-two percent tax. (On the other hand, the computation does not appear to include the $21,000 awarded to Patricia in the same court order, nor her one-half interest in the equity in the marital residence, which one-half interest, according to the evidence, is valued in the vicinity of $100,000.) A return of

nine percent on assets of $533,000 would yield a yearly gross income of approximately $48,000; on an investment of $554,000 the gross yield would approach $50,000.

The Court of Appeals did not deem clearly erroneous the trial court's finding that Patricia's annual expenses do not exceed $46,000. As the Court of Appeals observed, Patricia's assertion that her reasonable needs exceed $55,000 "may indeed be exaggerated." However, the Court of Appeals apparently did conclude that the trial court's finding that Patricia could obtain a nine percent return on her assets was clearly erroneous. Although there was evidence before the trial court that nine percent interest could be had on safe government securities, the Court of Appeals believed that to achieve a nine percent return Patricia would need to "subject her assets to moderate risk investments."

We do not agree with the Court of Appeals that the result in the trial court forces Patricia unreasonably to jeopardize her marital estate nor that it mandates the return she must obtain. It simply concludes that a particular rate is (or was then) reasonably obtainable. There was evidence below that the nine percent return was available on securities with minimum risk, and that considerably higher returns could be had, with proportionally greater risks. The findings below were based on competent evidence, and were not clearly erroneous; the Court of Appeals was not at liberty to substitute its findings of fact for those of the trial court.

The Court of Appeals also concluded that the trial court had abused its discretion in hypothesizing that Patricia would immediately liquidate her Ashland Oil interests, and suffer the attendant tax consequences. The Court of Appeals "believe[d] the better alternative" would be to preserve Patricia's tax advantages by delaying liquidation, and to subsidize her income by way of maintenance. In this regard, we believe the Court of Appeals has usurped the discretion which properly rests in the trial court. The circuit court order does not require Patricia to liquidate, it merely concludes—and reasonably so—that she possesses sufficient property to provide for her reasonable needs and to continue the standard of living established during her marriage, all while maintaining an undisturbed investment principal of $533,000. Like anyone else with financial responsibilities and limitations, Patricia may decide whether and when liquidation, and what investment strategy, is in her best interest. The trial court need only decide whether the party seeking maintenance has available sufficient resources to meet the conditions of KRS 403.200. Here, that decision was made responsibly, and on the basis of findings of fact which were not clearly erroneous. The fact that a reviewing judge might have decided the issue differently had he/she occupied the trial bench is not a sufficient basis for concluding that the trial court abused its discretion.

The decision of the Court of Appeals is reversed, and the order of the trial court is reinstated.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS and SPAIN, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the Court of Appeals properly decided this case finding that the denial of maintenance by the trial judge was an abuse of discretion.

The husband is an administrative vice-president of Ashland Oil, Inc. and earns a gross salary of $150,478.12. His annual bonuses, which are not guaranteed, total an additional $62,000 for years 1985–1988. It was stipulated that the wife, a 57 year-old homemaker who cared for the couple's now-adult four children, is unable to obtain any employment. She was awarded the family home at a value of $200,000 and liquid assets with an after-tax value of $533,000. Her reasonable needs were agreed to be $46,000 per year. The trial court concluded that the wife could earn 9 percent a year on her investment property and did not award maintenance. The 9

percent figure would yield approximately $47,000 per year.

The Court of Appeals reversed on two grounds. First, it found it very unlikely that the wife could earn 9 percent interest on her investments without subjecting them to moderate risk. The Court of Appeals also determined that she should not be forced to jeopardize her only source of income to earn 9 percent interest considering that she is unemployable. Second, the Court of Appeals determined that the trial judge's calculations required the wife to liquidate her Ashland Oil accounts, deferred compensation and retirement with severe tax consequences of 32 percent of their value. Keeping the accounts until the husband's retirement in 1993 and making gradual withdrawals thereafter would substantially reduce the tax consequences. Stressing that the wife is permitted to continue the standard of living established during the marriage, *Casper v. Casper,* Ky., 510 S.W.2d 253 (1974), expressing concern that the wife should not be forced to deplete her assets, and observing that the wife has a life expectancy of 24.7 years, the Court of Appeals stated that it would not require that she liquidate the Ashland accounts because such an action would be financially ill-advised and then base a denial of maintenance on such a requirement. The trial judge was directed upon remand to award maintenance until the husband's retirement in February 1993.

It should be noted that the husband did not contest the amount of the reasonable needs of the wife nor the fact that she is unemployable. In view of the fact that her reasonable needs cannot be met without either an award of maintenance or premature liquidation of her Ashland accounts with the resulting adverse tax consequence, I believe the Court of Appeals properly decided this case.

Clearly, the wife has an obligation to maintain income-producing investments, but the court cannot mandate the return she must obtain. *Atwood v. Atwood,* Ky. App., 643 S.W.2d 263 (1982). Economic conditions now indicate that safe investments earn considerably less than 9 percent.

Certainly the marital assets awarded the wife are substantial. However, we must observe that the wife has no earning capacity and is admittedly unemployable. There is no evidence of any opportunity to build on the marital assets and her only alternative would be to invade the principal. She should not be required to liquidate the Ashland accounts.

Under all the circumstances, the Court of Appeals was correct in determining that the trial judge abused his discretion in refusing to award any maintenance.