**Kimberly Lynne BECKNER and Glenn W. Denham, Appellants,**

v.

**Terry Ralph BECKNER, Appellee.**

**No. 94–CA–0377–MR.**

Court of Appeals of Kentucky.

June 23, 1995.

Rehearing Denied Aug. 11, 1995.

Before EMBERTON, McDONALD and SCHRODER, JJ.

*OPINION*

McDONALD, Judge.*

The parties to this appeal were married in 1984. Two children were born during the marriage. Although the appellant has an undergraduate degree in business, she only worked sporadically during the first three years of the marriage as a sales clerk and in a law office. The appellee is an attorney associated with a law firm in London, Kentucky, and works part-time as an assistant commonwealth attorney.

After the parties' first child was born in 1987, the appellant, Kimberly Beckner, no longer worked outside the home but devoted her energies to being a full-time mother and homemaker. Shortly after their second child was born, the appellee, Terry Beckner, decided he no longer wanted to be married to Kimberly and filed this action for the dissolution of their marriage. Terry tried to convince Kimberly to divide their marital estate without benefit of separate counsel. When she refused, he stopped paying voluntary support for her or the children, and she was required to apply for public assistance.[1] The value of her automobile prevented her from being eligible for food stamps, but she did receive vouchers under the W.I.C. program. Kimberly ultimately obtained legal representation and temporary maintenance. All issues were tried by deposition under Civil Rule 43.04. Therefore, the trial judge was shielded from the presence of the parties and made his determinations based on a cold record, a procedure condoned by *Reichle v. Reichle*, Ky., 719 S.W.2d 442 (1986), and *Largent v. Largent*, Ky., 643 S.W.2d 261 (1982).

Kimberly has appealed from the final judgment which provided for no maintenance, no award for her attorney's fees, and which allows Terry to claim both children as dependents for purposes of determining his income tax liability.

The parties led a relatively modest life style. The marital residence was valued in

Glenn W. Denham, Denham, Golden & Nagle, Middlesboro, for appellants.

Warren B. Little, London, for appellee.

1. Terry apparently made the mortgage payment and paid the utilities, but provided no monetary support for food or other necessities.

the $50,000 range. After it was sold and the liens and taxes were paid, there were no proceeds to divide. Neither party received any significant property upon dissolution. Kimberly received a car, the furniture and an IRA worth $1,869. Terry received a car, a Nordic Trak exercise machine, $200 stock in the London Country Club and approximately $10,000 in his retirement account and a KEOUGH through his law office.

Kimberly argues that the trial court erred in refusing to award her any sum of maintenance. She contends that she cannot possibly maintain herself or the children in any semblance of the life style enjoyed during the marriage, modest though it was, having received as property a car, furniture and liquid assets of less than $2,000. Terry's standard of living will arguably improve as he earns over $3,800 per month and his child support obligation is less than $800 per month.[2] On the other hand, at the time of dissolution, Kimberly had not been employed for several years. She did not seek maintenance for her lifetime but for a period of time to allow her to complete the course work necessary to obtain a teaching certificate.

■ The determination of whether to award maintenance is highly discretionary with the trial court after its consideration of the dictates of KRS 403.200. *Browning v. Browning*, Ky.App., 551 S.W.2d 823 (1977). We do not hesitate to conclude that the trial court abused that discretion in this instance. While it is true that Kimberly is young, in good health and has some education, it is equally true that she had no job at the time of the dissolution, a scanty employment history during the marriage, no marketable skills of any significance and virtually no liquid assets.

Terry argues the denial of maintenance should be affirmed because Kimberly neglected to demonstrate a need for maintenance, that with her education she should be able to support herself, and that the parties "had a very modest standard of living." We disagree that the evidence of record failed to disclose a need on Kimberly's part for maintenance. "Modest" though their standard of living was, Kimberly is not presently able to support herself in any manner approaching that enjoyed during the marriage. Terry's argument that she was awarded sufficient property to meet her needs is ludicrous.

As to her ability to support herself, the appellant postponed developing any career during the latter years of the marriage to prioritize the needs of the children. The trial court's findings indicate that she has taken some courses toward obtaining a teaching certificate, but the evidence is that she still needs further instruction to be certified in her field. Terry's career, on the other hand, was not hampered by domestic concerns.

Under these circumstances, we hold the trial court erred in failing to award Kimberly a sum sufficient to sustain herself while completing her degree. *Moss v. Moss*, Ky.App., 639 S.W.2d 370 (1982); *Wood v. Wood*, Ky. App., 720 S.W.2d 934 (1986); *Dotson v. Dotson*, Ky., 864 S.W.2d 900 (1993).

■ Kimberly also alleges error in the trial court's denial of her request that Terry pay a portion of her attorney's fees. Again we conclude this is a matter inappropriately resolved by the trial court. The gross imbalance in the parties' income, $45,000+ compared to $0, plus the appellant's lack of any income-producing property should have entitled her to an award of such fees to defend this action. KRS 403.220.

■ Finally Kimberly argues the court erred in allowing Terry to include the children as dependents for tax purposes. When Kimberly has income to report to tax authorities, she should seek to have the judgment modified. However, at the time of dissolution, Kimberly was not employed and had no earned income. Thus, it made sense to allow Terry to take advantage of the benefits flowing from having dependents, as otherwise such benefits would be entirely wasted. Until such time as Kimberly can benefit from having dependents for tax purposes, we find no abuse of discretion in this portion of the trial court's ruling.

---

**2.** $183.72 per week times 4-⅓ = $796.12 monthly.

Accordingly, the judgment of the Laurel Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.