RENDERED: AUGUST 28, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-001718-MR

SHIRLEY LYNN HAYS                                        APPELLANT

APPEAL FROM KNOTT FAMILY COURT
v.       HONORABLE DWIGHT S. MARSHALL, JUDGE
ACTION NO. 15-CI-00146

LARRY BRACKEN HAYS                                        APPELLEE

OPINION
AFFIRMING IN PART,
REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; DIXON AND MAZE, JUDGES.

MAZE, JUDGE: Shirley Lynn Hays (Shirley) appeals from a decree and judgment

of the Knott Family Court dissolving her marriage to Larry Bracken Hays (Larry).

Shirley argues that the family court abused its discretion in its division of Larry's

military retirement pay and by declining to award her maintenance. We conclude

that the family court properly calculated the marital portion of the military retirement and percentages subject to division. However, the family court's findings are insufficient to determine whether it properly divided the retirement as a marital asset. Therefore, this matter must be remanded for additional findings on this question. Furthermore, we conclude that the family court must make additional findings regarding Shirley's entitlement to maintenance after it divides the marital property. Hence, we affirm in part, reverse in part, and remand for additional findings.

Shirley and Larry Hays were married on September 15, 1995, and separated in March 2015. No children were born of the marriage. For the majority of the marriage, Larry was a member of the United States Air Force. He is now receiving military retirement pay, which includes a portion attributable to disability. Shirley worked several jobs during the marriage until taking Social Security disability in 2017.

Larry filed a petition for dissolution of the marriage on June 24, 2015, following the parties' separation while traveling in California. The disputed issues concerned division of Larry's military retirement, marital assets and debt, and maintenance. In September 2016, the parties attended a mediation conference at which they reached a tentative settlement agreement. However, the draft agreement did not fully set out the details for dividing Larry's military retirement

-2-

benefits, providing only that Shirley "shall be awarded a percentage of the Petitioner's monthly retirement benefit as currently set by federal law."

After further discussion, Shirley's counsel prepared a new draft of the agreement reflecting that 82% of Larry's military retirement would be marital and awarding 41% of the marital portion to Shirley. The proposed agreement provided that Shirley's portion of Larry's military retirement would not be reduced by any portions attributable to disability payments, Combat-Related Special Compensation, Veterans Administration disability compensation, or any other reductions from gross pay. The draft further provided that Larry "shall take no action to disrupt the election of the Survivor Benefit Plan (SBP), naming [Shirley] the 100% beneficiary of those benefits."

Larry declined to sign the agreement. Thereafter, Shirley filed a motion to enter a dissolution decree based on the draft agreement. In response, Larry argued that the parties had never reached a meeting of minds on key terms set out in the draft agreement. Specifically, he noted that federal law did not permit division of his gross military retirement pay or any portions attributable to disability benefits. Larry agreed that Shirley was entitled to his SBP election, which allows her to continue receiving benefits in the event of his death. However, he stated that the parties had not reached an agreement on who would be responsible for the monthly premiums on the election.

The family court directed the parties to try to negotiate an agreement and set the matter for an additional hearing in thirty days. When the parties still could not agree on the disputed terms, the family court set the matter for an evidentiary hearing. Following that hearing, the family court entered findings of fact, conclusions of law, and a decree dissolving the marriage. In pertinent part, the court found the proposed settlement agreement to be unconscionable because the parties had not reached a meeting of the minds. Consequently, the family court proceeded to divide the marital assets without regard to the proposed agreement.

The family court found that Larry's total months of military service were 253 months and he was married to Shirley for 205 months of that period. Thus, Shirley would be entitled to receive 41% of Larry's disposable military pay. The family court reduced this percentage to 34.5%, representing the premium for Shirley's SBP election. The court also denied Shirley's request to base the payment on Larry's gross retirement pay, including portions attributable to disability. Furthermore, the family court directed that this amount be payable only until Shirley reaches the age of 62, at which time she qualifies to receive a portion of Larry's Social Security benefits.

With respect to the other marital property, the family court assigned two vehicles to Shirley, and awarded the marital real property to Larry. The court also declined to award Shirley any maintenance beyond Larry's military retirement

benefits. Finally, the family court directed that Shirley shall be deemed as the irrevocable beneficiary of the SBP as Larry's former spouse. Shirley now appeals from this judgment. Additional facts will be set forth below as necessary.

Shirley first argues that the family court erred by refusing to enforce the parties' settlement agreement. Separation agreements are binding upon a trial court unless the court finds the agreement to be unconscionable. KRS[1] 403.180(2). As discussed above, the family court concluded that the agreement was unconscionable because the parties had not reached a meeting of the minds as to essential terms. However, the question of unconscionability is distinct from the threshold inquiry of whether the parties had entered into an enforceable agreement.

A settlement agreement is a final settlement of the parties' claims and is analyzed under the law of contracts. *Richey v. Richey*, 389 S.W.2d 914, 917 (Ky. 1965). An agreement is unenforceable for indefiniteness if the resolution of material terms is left open to future negotiations unless a standard is provided from which a court can supplant the open terms should the negotiations fail. *Cinelli v. Ward*, 997 S.W.2d 474, 477 (Ky. App. 1998). We agree with the family court that the evidence did not show that the parties reached a meeting of the minds on the essential terms of the settlement agreement.

---

[1] Kentucky Revised Statutes.

In particular, the testimony of both parties at the final hearing indicates that they had not reached an agreement on what portions of Larry's military retirement were subject to division or the allocation of the monthly premium for the SBP election. The lack of agreement on these provisions renders the entire agreement unenforceable because Kentucky follows the traditional "all or nothing" approach. *Id.* at 478. An agreement is either enforceable as a binding contract or it is unenforceable as something less. *Id.* Given the evidence, the family court did not clearly err by refusing to enforce any part of the proposed agreement.

Shirley next argues that the family court abused its discretion in its division of Larry's military retirement and the rest of the marital property. A trial court is to divide marital property in just proportions considering all relevant factors. KRS 403.190(1). *See also Wood v. Wood*, 720 S.W.2d 934, 935 (Ky. App. 1986). However, just proportions do not necessarily mean equal proportions. *Croft v. Croft*, 240 S.W.3d 651, 655 (Ky. App. 2007).

In dissolution actions, we review the court's division of marital property for abuse of discretion. *Smith v. Smith*, 235 S.W.3d 1, 6 (Ky. App. 2006). A court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard. *Overstreet v. Overstreet*, 144 S.W.3d 834, 838 (Ky. App. 2003). Furthermore, a trial court

-6-

abuses its discretion when its decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *McKinney v. McKinney*, 257 S.W.3d 130, 133 (Ky. App. 2008).

Shirley contends that the family court failed to properly divide Larry's military retirement as a marital asset, instead treating it as only temporary maintenance. Shirley does not contend that the family court misapplied the formula set out in *Poe v. Poe*, 711 S.W.2d 849 (Ky. App. 1986), to determine the marital portion of Larry's military retirement. Indeed, the family court determined the marital portion of the retirement and divided that portion using the percentages which Shirley advocated.

Rather, she argues that the court should have divided Larry's gross retired pay, rather than his disposable retired pay, which is gross retired pay less authorized deductions. We disagree. In *Copas v. Copas*, 359 S.W.3d 471 (Ky. App. 2012), this Court explained that "disability payments are deducted from the retiree's gross military retired pay, resulting in the retiree's 'disposable retired . . . pay.'" *Id.* at 478 (citing *Snodgrass v. Snodgrass*, 297 S.W.3d 878, 882 n.6 (Ky. App. 2009)). *See also* 10 U.S.C.[2] § 1408(a)(4). The Court in *Copas* went on to state that "[b]ecause the retiree's disposable retired pay is lower when he or she receives disability payments, the retiree's former spouse's portion of the retiree's

---

[2] United States Code.

-7-

retired pay is also reduced." *Id.* While the Court recognized the potential inequity of this situation, it concluded that the applicable federal law requires that a state court only provide for the division of disposable retired pay, not gross retired pay. *Id.* at 478-79. Therefore, the family court's division of Larry's disposable retired pay was not erroneous.

Similarly, we find no abuse of discretion in the family court's assignment of the SBP election premium to Shirley. As Larry notes, 10 U.S.C. § 1452(a)(1)(A)(iv)(I) provides that the retired pay of a participant in the SBP shall be reduced by six and one-half percent, representing the premium for the election. While the family court had the discretion to allocate this reduction between the parties, we cannot find that it was compelled to do so under the circumstances.

The only significant issue concerns the family court's decision to terminate Shirley's receipt of Larry's military retirement pay when she reaches the age of 62. As noted, the family court reasoned that Shirley will become eligible to receive benefits from Larry's Social Security. It appears that the family court treated her receipt of benefits as a form of maintenance, rather than a distinct marital asset in its own right. It is well-established that it is the pension, not the benefits, which is the marital asset subject to division by the court. *Brosick v. Brosick*, 974 S.W.2d 498, 503 (Ky. App. 1998). The same holds true for vested military retirement benefits.

-8-

By terminating Shirley's receipt of benefits at age 62, the family court effectively reduced her share of the marital asset. It is possible that the family court considered Shirley's SBP election as sufficient to reduce her share of the marital asset. However, that reading is not apparent from the face of the family court's findings. Furthermore, we question whether the award of such a contingent interest would necessarily constitute a division of the marital asset in "just proportions."

Under the circumstances, the family court's findings are insufficient to determine whether it intended this result or simply mischaracterized the asset. Consequently, we conclude that this matter must be remanded for additional factual findings on this question. For purposes of remand, the marital portion of Larry's military retirement shall be treated as a marital asset subject to division by the court. The family court shall set forth its division of Larry's retirement, including any reasons to reduce Shirley's share of the asset through an early termination of benefits.

Since we are remanding this matter for additional findings, we will address the remaining issues to the extent they are relevant on appeal. Shirley argues that the family court abused its discretion by declining to award her maintenance. KRS 403.200 provides that a trial court may grant maintenance to either party in a divorce action only if it finds that a party seeking maintenance

"[l]acks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and . . . [i]s unable to support himself through appropriate employment . . . ." KRS 403.200(1). Under this statute, the court must first make relevant findings of fact and then determine maintenance considering those facts. *Perrine v. Christine*, 833 S.W.2d 825, 826 (Ky. 1992). "In order to reverse the trial court's decision, a reviewing court must find either that the findings of fact are clearly erroneous or that the trial court has abused its discretion." *Id.*

In its findings, the family court noted that it awarded significant marital assets to Shirley, including a 2007 Majestic Four Winds Recreational Vehicle (RV) valued between $25,000 and $30,000 and a 2007 Smart Car with a value of $4,200. Shirley contends that the RV is damaged and notes that the family court assigned her the $8,000 balance of the debt on the vehicle. Given her age and disability, Shirley argues that the award of marital assets was insufficient to meet her reasonable needs. Consequently, she argues that the family court abused its discretion by declining to award her maintenance.

Based on the family court's findings, the primary marital assets were Larry's military retirement, the house and real property located in Knott County, the RV, and the Smart Car. The family court did not give significant credence to Shirley's testimony that the RV was damaged and worth less than its book value.

-10-

Larry paid Shirley $7,000 when the parties separated and an additional $5,000 during the period after separation. Shirley also agreed to give up her interest in the real property in exchange for a greater share of Larry's military retirement. Both parties are disabled, with limited future earning capacities. However, Shirley contends that the family court is authorized to account for Larry's disability retirement benefits through an appropriate award of maintenance. *See Davis v. Davis*, 777 S.W.2d 230, 232 (Ky. 1989).

As discussed above, the division of Larry's military retirement is the primary matter in dispute. Consequently, the family court must re-evaluate Shirley's entitlement to maintenance once it determines the appropriate division of that asset. The family court's determination on maintenance must be supported by specific findings under KRS 403.200(1).

Accordingly, the judgment of the Knott Family Court is affirmed in part, reversed in part, and remanded for additional factual findings as set forth above.

ALL CONCUR.

BRIEF FOR APPELLANT:

Robin C. Bennett
Lebanon, Kentucky

BRIEF FOR APPELLEE:

Tammy C. Skeens
Pikeville, Kentucky