RENDERED: MARCH 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0017-MR

JOHNNY WADE BELL                                          APPELLANT

                          APPEAL FROM BARREN FAMILY COURT
v.                      HONORABLE MIKE MCKOWN, JUDGE
                              ACTION NO. 17-CI-00301

CARLA JUNE BELL                                        APPELLEE

AND

NO. 2020-CA-0114-MR

CARLA JUNE BELL; AND
BRODERICK & DAVENPORT, PLLC             CROSS-APPELLANTS

                          APPEAL FROM BARREN FAMILY COURT
v.                      HONORABLE MIKE MCKOWN, JUDGE
                              ACTION NO. 17-CI-00301

JOHNNY WADE BELL                                  CROSS-APPELLEE

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

MAZE, JUDGE:  This is an appeal and a cross-appeal from a judgment of the Barren Family Court dissolving the marriage of Johnny Wade Bell (Johnny) and Carla June Bell (Carla).  In his appeal, Johnny argues that the family court abused its discretion in its division of marital property and debt and by awarding maintenance to Carla.  In her cross-appeal, Carla argues that the family court abused its discretion in the amount of attorney fees awarded to her.  Finding no clearly erroneous factual findings or abuse of discretion, we affirm in the direct and cross-appeal.

Johnny and Carla were married in 1987 and separated in July 2015. There are no remaining minor children born to the marriage.  On June 9, 2017, Johnny filed a petition for dissolution of the marriage.  The contested issues included:  valuation and division of Johnny's interest in the law firm in which he was a partner; division of other marital property, including the marital residence and the parties' retirement accounts; division of marital debt; Carla's claim for maintenance; and attorney fees.  The family court awarded Carla temporary maintenance during the pendency of this action.

During discovery, Carla sought records concerning the value of Johnny's interest in the law firm Gillenwater, Hampton, and Bell. She argued that Johnny's interest in the firm's contingent-fee contracts was subject to division as marital property under the then-recent decision in *Grasch v. Grasch*, 536 S.W.3d 191 (Ky. 2017). In response, the firm filed a motion to quash her interrogatories and requests for production of documents, asserting that they were subject to the work-product doctrine and attorney-client privilege. In an order entered on January 15, 2019, the family court disagreed and ordered the firm to provide the information.

The matter then proceeded to an evidentiary hearing on April 11, 2019. Following that hearing, the family court issued findings of fact, conclusions of law, and an order on the contested issues. With respect to the contingent-fee agreements, the family court noted that the partnership of Gillenwater, Hampton, and Bell was formed in 2006. To join the partnership, Johnny executed a promissory note requiring him to pay $500,000.00. However, Johnny only made one payment of $25,000.00 toward that indebtedness, and the firm waived all other payments until 2018. Furthermore, the three partners shared profits and losses equally without any offset for the debt.

After the dissolution action was filed, the other partners began requiring payment of the indebtedness. The partnership was able to obtain

$300,000.00 in attorney fees from Johnny, which was applied toward the promissory note. The partnership's decision to assert this claim coincided with the firm's settlement of a large case. The partnership separated in August 2018, but no articles of dissolution were filed and none of the formal prerequisites for dissolution was followed.

In light of this evidence, the family court concluded that Johnny retains an interest in the firm's contingency fee contracts and that this interest is subject to division as marital property under *Grasch*. The family court also concluded that Johnny voluntarily removed himself from the partnership to deprive Carla of any claim to his interest in the law firm. The court found that this conduct amounts to a dissipation of marital assets by Johnny. Accordingly, the court awarded Carla 27% of Johnny's 1/3 interest in all contingent-fee contracts settled by the firm between September 1, 2018 and the date of the decree.

The family court then addressed the only other significant asset of the marriage, the parties' retirement accounts. The court awarded Carla her entire retirement account, valued at $24,650.35. Johnny's account had a fair market value of $352,362.13 as of December 31, 2018. However, there was evidence that this account was subject to attachment by the Internal Revenue Service (IRS), except for any portion assigned to Carla under a qualified domestic relations order (QDRO). To protect Carla's interest, the family court awarded her $49,600.00

-4-

from this account, representing the amount of Johnny's maintenance arrearage. The court further ordered that the remaining balance shall be split equally between Carla and Johnny.

The family court next turned to the division of marital debts. Most relevant to this appeal, the Bells had incurred a substantial tax debt owed to the IRS, of which $261,052.01 was still owed at the time of dissolution. The family court allocated $11,828.84 to Carla, representing her portion of the 2014 tax bill. The court assigned the remaining indebtedness to Johnny. However, the court specified that Carla's tax liability is to be paid out of her share of the proceeds from the contingent-fee contracts. The family court assigned the remaining tax debt, incurred in 2015, 2016, and 2017, to Johnny.

With regard to maintenance, the family court noted that the parties had been married for approximately 32 years. Carla has a high school degree with a few college classes. She works in the human resources department of a local company and earns $51,895.12 a year. Carla testified she could improve her job position within 2-3 years by taking online classes. As noted, Johnny is an attorney and most recently had a net income of $183,000.00 per year.

Based upon the parties' respective incomes, earning capacities, and expenses, along with marital property allocated to them, the family court continued the temporary maintenance award of $2,660.00 per month until September 1, 2019.

After that time, the family court awarded Carla maintenance on a declining scale as follows: $943.00 per month in maintenance for a period of seven years; $700.00 per month for an additional seven years; and $500.00 per month until her death, remarriage, or co-habitation. The family court also awarded Carla an additional $5,000.00 in attorney fees, citing Johnny's obstructive conduct over the course of the litigation.

Both Johnny and Carla filed motions to alter, amend, or vacate portions of the judgment pursuant to CR[1] 59.05. The family court granted Carla's motion, directing that Johnny's maintenance arrearage be paid out of his share of his retirement account. The court denied the parties' other requests for relief. This appeal and cross-appeal followed.

In his appeal, Johnny first argues that the family court erred in finding that the contingency fee contracts were subject to division under *Grasch*. In *Grasch*, the Kentucky Supreme Court held, as a matter of first impression, that an attorney's contingent-fee contracts should be considered marital property to be divided as part of the equitable division of the marital estate. The Court found that a contingent-fee contract is comparable to an unvested interest in a pension or retirement plan.

---

[1] Kentucky Rules of Civil Procedure.

So while the right to the actual funds from the pension had not vested yet, what did vest was the plan-holding spouse's right to participate in the pension and bring a cause of action if denied that participation. This is exactly the interest that an attorney spouse has in a contingent-fee case—although the attorney does not possess a vested right to the actual contingent fee itself until the case is won or settled, when the attorney and client sign a contract for a contingent-fee case, the attorney does possess the right to work on that case for that client and to bring suit if the client unjustly interferes with that right.

*Id.* at 194 (footnote omitted).

Based on this reasoning, the Court held that that contingent-fee contracts constitute marital property under KRS[2] 403.190(2). *Id.* To divide such property, the Court endorsed the "delayed division" approach set out in *Poe v. Poe*, 711 S.W.2d 849, 856 (Ky. App. 1986), for division of retirement accounts.

In the delayed division method, a formula is used to determine the division at the time of the decree, but the actual distribution of monies is delayed until payments . . . are received. Each party then receives the appropriate percentage of the . . . payments as they are paid out in accordance with the formula. The use of this method has long been approved in the Commonwealth.

*Grasch*, 536 S.W.3d 195 (quoting *Young v. Young*, 314 S. W. 3d 306, 309 (Ky. App. 2010) (citing *Poe*, 711 S.W.2d at 856).

---

[2] Kentucky Revised Statutes.

Johnny contends that *Grasch* was not applicable to this case because there was "overwhelming evidence" that the partnership had separated by August 2018. Consequently, Johnny asserts that there was no evidence that he would receive any proceeds from the contracts between September 1, 2018 and the date of the decree. We disagree.

The family court's findings of fact shall not be set aside unless clearly erroneous with due regard given to the opportunity of the trial judge to view the credibility of the witnesses. CR 52.01. *See also Maclean v. Middleton*, 419 S.W.3d 755, 763 (Ky. App. 2014). Findings of fact are not clearly erroneous if they are supported by substantial evidence. *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). Substantial evidence is defined as "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Id.*

As discussed above, the family court was convinced that Johnny retained an interest in the contingent-fee contacts despite the alleged dissolution of the partnership. The partnership had not taken any formal steps to dissolve, and the firm's clients had not been notified of any dissolution. Johnny has continued his practice in the same office and building owned by the firm. The firm also continued to make contributions to Johnny's retirement program. Under the

circumstances, we conclude that Johnny failed to show that the family court's assessment of the evidence was clearly erroneous.

Johnny also argues that the family court failed to apply the "delayed distribution" approach required by *Poe*. He notes that the family court directed that the contingency fees are to be paid out of his retirement account, instead of when actually received. However, the court also found that Johnny had voluntarily removed himself from the firm to foreclose Carla's right to recover any interest in the firm. By separating himself from the firm partnership, Johnny restricted his interest in the firm's contingent-fee contracts, making the delayed distribution approach impractical. The court concluded that these actions amounted to a dissipation of marital assets, warranting an offset against other marital assets. *Brosick v. Brosick*, 974 S.W.2d 498 (Ky. App. 1998). Since Johnny does not challenge the sufficiency of the evidence supporting these findings, we cannot find that the court clearly erred in its division of the remaining assets.

Johnny next argues that the family court erred in its allocation of the IRS debt. As with division of marital property, we review the family court's decisions regarding division of marital debt for abuse of discretion. *Neidlinger v. Neidlinger*, 52 S.W.3d 513, 523 (Ky. 2001), *overruled on other grounds by Smith v. McGill*, 556 S.W.3d 552 (Ky. 2018). Furthermore, there is no presumption that debts incurred during the marriage are marital. Rather, the party claiming that a

debt is marital has the burden of proof. *Id.* In making this determination, the family court should consider receipt of benefits, the extent of participation, whether the debt was incurred to purchase assets designated as marital property, whether the debt was necessary to provide for the maintenance and support of the family, and any economic circumstances bearing on the parties' respective abilities to assume the indebtedness. *Id.*

As noted above, the family court divided the 2014 tax debt. But since the parties separated in 2015 and filed separate returns thereafter, the court held that the tax debt incurred after that year was based only on Johnny's income. Johnny argues that this reasoning is faulty because he continued to support Carla during this period. In response, Carla states that there was no evidence she derived a benefit from the non-payment of the 2015, 2016, and 2017 taxes. Indeed, Johnny failed to fully pay maintenance during this period, resulting in foreclosure of the marital residence. Under the circumstances, the family court did not abuse its discretion in finding that this portion of the tax debt was non-marital.

Finally, Johnny argues that the family court erred in finding that Carla was entitled to maintenance. KRS 403.200 provides that a family court may grant maintenance to either party in a divorce action only if it finds that the party seeking maintenance "[l]acks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and . . . [i]s unable to support himself

-10-

through appropriate employment . . . ." KRS 403.200(1). Under this statute, the court must first make relevant findings of fact and then determine maintenance considering those facts. *Perrine v. Christine*, 833 S.W.2d 825, 826 (Ky. 1992). "In order to reverse the trial court's decision, a reviewing court must find either that the findings of fact are clearly erroneous or that the trial court has abused its discretion." *Id.* Once the trial court finds that maintenance is appropriate, the amount and duration of maintenance is left to the sound discretion of the trial court. *Gentry v. Gentry*, 798 S.W.2d 928, 937 (Ky. 1990).

Johnny generally argues that Carla has sufficient income, earning capacity, and property to support herself without additional maintenance. However, he does not identify any factual findings which are clearly erroneous. The family court did not base maintenance only on the parties' income and assets, but also on the lifestyle established during the marriage. Under the circumstances, we can find no clear error or abuse of discretion.

In her cross-appeal, Carla argues that the family court erred in denying her request for additional attorney fees. Prior to the entry of the final judgment, Carla stated that she was required to incur additional attorney fees litigating motions to compel and contempt motions, as well as responding to Johnny's repeated motions to modify temporary maintenance and his interlocutory

-11-

appeal.  Based on this conduct, the family court awarded Carla an additional $5,000.00 in attorney fees.  Carla maintains that this amount was not sufficient.

KRS 403.220 provides the family court may "after considering the financial resources of both parties . . . order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter . . . ."

> [T]he amount of an award of attorney's fees is committed to the sound discretion of the trial court with good reason.  That court is in the best position to observe conduct and tactics which waste the court's and attorneys' time and must be given wide latitude to sanction or discourage such conduct.

*Smith*, 556 S.W.3d at 556 (quoting *Gentry*, 798 S.W.2d at 938).

While the family court may have been within its discretion to award a greater amount of attorney fees based upon Johnny's conduct, we find no basis to disturb the family court's discretion in the amount of its award.

Accordingly, we affirm the judgment of the Barren Family Court in the above-styled appeals.

ALL CONCUR.

BRIEF FOR APPELLANT/CROSS-APPELLEE:

John N. Nicholas
Elizabethtown, Kentucky

BRIEF FOR APPELLEE/CROSS-APPELLANT:

David F. Broderick
Kate E. Payton
Bowling Green, Kentucky