RENDERED: OCTOBER 15, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0998-MR

HANNA WRIGHT                                                                          APPELLANT

v.
APPEAL FROM MCCREARY CIRCUIT COURT
HONORABLE PAUL K. WINCHESTER, JUDGE
ACTION NO. 09-CI-00237

MORRIS WRIGHT                                                                          APPELLEE

AND

NO. 2019-CA-1035-MR

MORRIS WRIGHT                                                                    CROSS-APPELLANT

v.
CROSS-APPEAL FROM MCCREARY CIRCUIT COURT
HONORABLE PAUL K. WINCHESTER, JUDGE
ACTION NO. 09-CI-00237

HANNA WRIGHT                                                                    CROSS-APPELLEE

OPINION
VACATING AND REMANDING APPEAL NO. 2019-CA-0998-MR
AND

** ** ** ** **

BEFORE:  JONES, MAZE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Hanna Wright brings Appeal No. 2019-CA-0998-MR and Morris Wright brings Cross-Appeal No. 2019-CA-1035-MR from a December 4, 2018, Findings of Fact, Conclusions of Law and Order and from a June 4, 2019, Order of the McCreary Circuit Court, dividing the parties' marital property and denying maintenance.  We vacate and remand Appeal No. 2019-CA-0998-MR, and we affirm Cross-Appeal No. 2019-CA-1035-MR.

Hanna and Morris Wright were married on July 25, 1997.  There were no children born of the parties' marriage.  The parties subsequently separated on September 17, 2009, after approximately twelve years of marriage.  Morris filed a Petition for a Decree of Dissolution of Marriage on September 28, 2009.  An agreed order dissolving the marriage was entered on May 12, 2015, reserving all remaining issues including property division and maintenance to be resolved by future order.

At the time of their separation, the parties were in their mid to late 50s.  Hanna was employed as a teacher for the McCreary County Board of Education and Morris was employed with Flav-O-Rich.  The parties owned a 92.5-acre cattle farm that was the subject of much controversy during the dissolution

proceeding. The farm had been purchased from Hanna's father during the marriage. Both parties contributed to the cattle farm operation until their separation. Upon the parties' separation, Morris left the marital residence, and Hanna remained. Hanna continued to maintain the farm and provide care for the cattle. During the pendency of the dissolution action, the parties reached an agreement to sell the cattle at a livestock auction. And, on October 16, 2010, some thirteen months after the parties separated, the cattle were sold at auction. Proceeds from the sale of the cattle were placed in an escrow account for future distribution.

An evidentiary hearing was conducted before the Domestic Relations Commissioner (DRC) on December 8, 2010.[1] Much of the testimony presented concerned the number of cattle sold at auction. Morris opined that the number of cattle sold should have been between 100 and 110, rather than the 68 head that were sold. Testimony was also presented at the hearing regarding the amount of hay harvested and consumed on the farm after the parties' separation.

A final evidentiary hearing was conducted by the circuit court on August 6, 2013. As noted, an Agreed Order Bifurcating and Findings of Fact, Conclusions of Law and Decree of Dissolution of Marriage was entered on May

---

[1] McCreary County does not have a family court. A domestic relations commissioner may consider matters referred by the circuit judge pursuant to Family Court Rules of Procedure and Practice 4.

12, 2015, dissolving the parties' marriage and reserving all other issues for future adjudication. More than three years later, Findings of Fact and Conclusions of Law were entered by the circuit court on December 4, 2018. A motion to alter, amend, or vacate was timely filed by Hanna on December 14, 2018. By order entered June 4, 2019, the motion to alter, amend, or vacate was granted in part, with the court allocating the proceeds from the sale of the cattle, which occurred in 2010. All other issues raised in the motion, including maintenance, were denied. These appeals follow.

<u>APPEAL NO. 2019-CA-0998-MR</u>

Hanna's only issue on appeal is that the circuit court erred by denying her claim for maintenance in the divorce proceeding. In support thereof, Hanna asserts the circuit court failed to make the requisite findings pursuant to Kentucky Revised Statutes (KRS) 403.200(1) necessary for the determination of an award of maintenance.

In Kentucky, the decision whether to award maintenance falls within the sound discretion of the circuit or family court which may only be disturbed on appeal upon finding an abuse of discretion. *Brenzel v. Brenzel*, 244 S.W.3d 121, 126 (Ky. App. 2008). In determining whether the award of maintenance is proper, a court must follow KRS 403.200. *Shafizadeh v. Shafizadeh*, 444 S.W.3d 437, 446 (Ky. App. 2012). The court must engage in a two-step process: First, the court

must determine whether a party is entitled to an award of maintenance under KRS 403.200(1) and if so entitled, the court must then determine the amount and duration of the maintenance awarded as set out in KRS 403.200(2). *Id.*

In this case, maintenance was denied and our review is thus limited to the application of KRS 403.200(1). In pertinent part that statute reads as follows:

> (1) In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of a marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:
>
> > (a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
> >
> > (b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

As noted, the DRC conducted a hearing on December 8, 2010. The parties agreed to defer the maintenance issue to the final hearing, which was conducted by the circuit court on August 6, 2013. We have reviewed the hearing record and can find no evidence or arguments submitted to the court during the hearing on this issue. Nonetheless, the circuit court denied an award of maintenance in its final order entered December 4, 2018, concluding that:

> The Court has considered all of the factors contained in KRS 403.200 and finds that the Respondent has sufficient retirement and property to provide for her reasonable needs and an award of maintenance is not required.

December 4, 2018, Findings of Fact, Conclusions of Law and Order at 2.

Based on our review, the circuit court's order fails on its face to comply with KRS 403.200(1)(b) by not ascertaining whether Hanna had the ability to support herself through appropriate employment. *Wood v. Wood*, 720 S.W.2d 934, 936 (Ky. App. 1986). We note that the circuit court made virtually no findings on the maintenance issue. And, the DRC did not address nor consider whether maintenance was warranted. Additionally, Hanna raised the maintenance issue in her Kentucky Rules of Civil Procedure (CR) 59.05 motion, which again was not addressed by the circuit court in its order of June 4, 2019, being summarily denied therein. We harbor serious doubt that the court considered any of the factors in KRS 403.200(1). A court speaks through its written orders and the final orders in this case contain no findings or analysis that support the court's decision making process regarding the maintenance issue. *See Keifer v. Keifer*, 354 S.W.3d 123, 126 (Ky. 2011).

This Court has previously held that "mere lip service [to the KRS 403.200 factors] is insufficient." *Shafizadeh*, 444 S.W.3d at 446. Because that is precisely what happened here, we vacate the court's order denying maintenance

and remand for the circuit court to "issue additional findings of fact, following the language of KRS 403.200, in determining whether an award of maintenance . . . is warranted" and, if so, in what amount and for what duration as required by KRS 403.200(2). *Wood*, 720 S.W.2d at 936; *see also Shafizadeh*, 444 S.W.3d at 446. We further note this Opinion takes no position on the merits of whether maintenance should be awarded, and if so granted, the amount or duration thereof.

<u>CROSS-APPEAL NO. 2019-CA-1035-MR</u>

Morris raises on appeal two errors by the circuit court, both of which look to the division of the parties' marital property, namely the cattle and hay. Morris initially contends the circuit court erred by failing to find that Hanna dissipated a marital asset – the cattle.

We begin our analysis by noting that an evidentiary hearing was conducted by the circuit court without a jury. Accordingly, our review of the circuit court's findings proceeds pursuant to CR 52.01, which provides, in relevant part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment; . . . . Requests for findings are not necessary for purposes of review except as provided in Rule 52.04.

The primary purpose of requiring the circuit court to make specific findings of fact under CR 52.01 is to provide a clear basis for the decision to facilitate appellate

-7-

review. *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986). If the circuit court fails to make adequate findings of fact, such failure must be brought to the court's attention by a motion for more definite findings under CR 52.04; if not brought to the court's attention, the error is deemed waived. *Anderson v. Johnson*, 350 S.W.3d 453, 457-58 (Ky. 2011).

In this case, the DRC and the circuit court made findings regarding the division of cattle. However, the court failed to address the issue of the alleged dissipation of the cattle in the court's final order. The entirety of the circuit court's December 4, 2018, Findings of Fact, Conclusions of Law and Order upon this issue is as follows:

> The Domestic Relations Commissioner held hearings regarding the sell [sic] of the Parties cattle and made specific Findings and a Recommendation. The Court has reviewed the record and the Domestic Relations Commissioner['s] recommendation. The Court finds that the record support[s] the recommendation made by the Domestic Relations Commissioner. Therefore, the Court adopts the recommendation of the Domestic Relations Commissioner and awards the remaining balance from the sale currently held in escrow accordingly.

December 4, 2018, Findings of Fact, Conclusions of Law and Order at 4.

The DRC's recommendation did not address the dissipation issue and only recommended a division of the cattle sale proceeds, which the circuit court adopted in its June 4, 2019, order. Specifically, the DRC's handwritten notes in the record merely set forth the motions before the DRC and the disposition of those

-8-

motions: (1) Hanna's Motion for Maintenance – "to be heard at final hearing date"; (2) Hanna's Motion for Final Hearing – "Wed. February 16, 2011 at 9:00"; and (3) Hanna's Motion for Distribution from Sale of Livestock – two checks totaling "$45,287.35." The DRC then concludes that the proceeds from the cattle sale should be divided one-third to Morris and two-thirds to Hanna. Although the DRC heard almost four hours of testimony, the DRC failed to address the alleged dissipation of the cattle. And, we can find no exceptions being filed in the record to the DRC's recommendation to the circuit court. Similarly, the circuit court also failed to address the dissipation issue in its final orders now on appeal.

Under CR 52.04, a request for findings of fact is not necessary for our review unless the court fails to make a finding on an issue essential to the judgment. Accordingly, CR 52.04 is not triggered until the circuit court makes findings of fact but otherwise fails to make adequate findings or does not address an issue that a party believes should be addressed in the findings. Thereupon, as previously stated, the failure to make adequate findings of fact must be brought to the circuit court's attention by a motion for more definite findings under CR 52.04 or the error is considered waived. *Anderson*, 350 S.W.3d at 457-58. *See also Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982).

In this case, the court's findings failed to address the dissipation issue. Thereafter, Morris failed to bring the matter before the circuit court, via a motion

under CR 52.04. Additionally, Morris did not file a CR 59.05 motion after entry of the final judgment where the issue arguably could also have been brought to the circuit court's attention. Given these circumstances, the dissipation issue was waived for appellate review and thus cannot be considered by this Court.

Morris also argues on appeal that the circuit court erred in its division of marital property by failing to award him a sum of money for the surplus rolls of hay produced on the farm after the parties' separation. Morris points out that the circuit court found that the hay produced on the farm was consumed by the livestock on the farm. Morris asserts that he presented sufficient evidence that surplus hay was produced and that he was entitled to a portion of the value of such surplus hay.

As the circuit court conducted an evidentiary hearing on this issue, our review of the court's findings of fact will proceed pursuant to CR 52.01, which provides that "[f]indings of fact, shall not be set aside unless clearly erroneous." Issues of weight and credibility of witness testimony are within the sole province of the finder of fact. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

In the case *sub judice*, the circuit court conducted a final hearing on August 6, 2013. In its Findings of Fact, Conclusions of Law and Order entered December 4, 2018, the circuit court simply viewed Hanna's testimony more credible on the issue of the amount of hay produced by the farm and its use by the

farm's livestock. Hanna particularly testified that all the hay produced on the farm was consumed by the livestock thereupon. It was within the sole province of the circuit court to view Hanna's testimony as more credible; therefore, we are unable to conclude that the circuit court's findings were clearly erroneous and thus, the circuit court did not commit a reversible error in its ruling on this issue.

For the foregoing reasons, we vacate and remand Appeal No. 2019-CA-0998-MR, for proceedings in accordance with this Opinion, and we affirm Cross-Appeal No. 2019-CA-1035-MR.

ALL CONCUR.

BRIEF FOR APPELLANT/CROSS APPELLEE:

Paul K. Croley, II
Williamsburg, Kentucky

BRIEF FOR APPELLEE/CROSS-APPELLANT:

John A. Combs
London, Kentucky